UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILTON M.,

                                        Plaintiff,

v.                                                          5:20-cv-1480 (TJM/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

APPEARANCES:                                OF COUNSEL:
OLINSKY LAW GROUP                           HOWARD D. OLINSKY, ESQ.
  *Counsel for Plaintiff*
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION              TIMOTHY SEAN BOLEN, ESQ.
OFFICE OF THE GENERAL COUNSEL
  *Counsel for Defendant*
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Milton M. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of the Commissioner of Social Security's ("Commissioner") denial of his request for

Social Security Disability Insurance benefits.  (Dkt. No. 1.)  Plaintiff did not consent to the

disposition of this case by a Magistrate Judge.  (Dkt. No. 6.)  Both parties filed briefs, which the

Court treats as motions under Federal Rule of Civil Procedure Rule 12(c).  (Dkt. Nos. 4, 18, 22,

26, 27.)  For the reasons set forth below, the undersigned recommends that the Court remand the

case so the ALJ can determine in the first instance whether improper notice constituted good

cause for Plaintiff's failure to attend the hearing on February 20, 2020.

## I.    BACKGROUND

Plaintiff was born in 1967, graduated from high school, and worked for sixteen years at a

hospital as a "sterilization processing" specialist.  (T. at 78, 83.[1])  On January 26, 2018, Plaintiff

filed for disability insurance benefits, claiming an onset date of June 30, 2013.  *Id.* at 14, 78, 82.

Plaintiff claims he stopped working on June 30, 2013, because of a lower back injury, arthritis in

his back, and diabetes.  *Id.* at 14, 82.

State agency consultative examiner Dr. S. Putcha determined Plaintiff had a severe

medically determinable impairment (i.e., "Disorders of Back-Discogenic and Degenerative") that

was reasonably expected to produce his pain and other symptoms.  *Id.* at 16-17.  Dr. Putcha

further concluded the statements Plaintiff made about the intensity, severity, and limiting effects

of his symptoms could be substantiated by the objective medical evidence in his file.  *Id.* at 17.

However, based on Dr. Putcha's assessment of Plaintiff's residual functional capacity, Dr.

Putcha concluded he "retain[ed] a light capacity for work."  *Id.* at 19.  The Commissioner

accordingly concluded Plaintiff was not disabled and denied his initial application.  *Id.* at 20, 22,

26.

On June 1, 2018, Plaintiff requested a hearing before an Administrative Law Judge

("ALJ").  *Id.* at 29.  A notice from the Commissioner addressed to Plaintiff's Cleveland Ave.

---

[1] The Administrative Transcript is found at Dkt. No. 15.  Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Page references to other documents identified by docket number are to the page numbers assigned by the Court's CM/ECF electronic filing system.

residence[2] dated June 11, 2018, indicated that the Commissioner would "mail a Notice of

Hearing to you at least 75 days before the date of your hearing to tell you its time and place." *Id.*

at 31.  The Commissioner produced a copy of a "Notice of Hearing" document, which is dated

October 24, 2019, and addressed to Plaintiff's Cleveland Ave. residence.  *See id.* at 50; *see also*

Dkt. No. 22 at 5.  That notice indicated the Commissioner had scheduled the hearing for

February 20, 2020, at 9:45 a.m. in Syracuse, New York.  T. at 50.  The notice asked Plaintiff to

"complete and return the enclosed acknowledgment form at the earliest opportunity." *Id.* at 51;

*see also id.* at 59.  The Commissioner never received a completed "Acknowledgment of Receipt"

from Plaintiff.  *Id.* at 6; Dkt. No. 22 at 5.

On November 21, 2019, claims representative A. Crane completed a "Report of Contact"

wherein Plaintiff's mailing address was modified to a Lodi Street address.  *Id.* at 71.  The

"Report of Contact" did not indicate how the contact was made, when it was made, whether

Plaintiff had received the "Notice of Hearing" dated October 24, 2019, and whether Plaintiff

intended on attending the hearing on February 20, 2020.  *See id.*

The Commissioner did not send Plaintiff any subsequent notices until two weeks before

the scheduled hearing, when the Commissioner sent a "Notice of Hearing – Reminder" to

Plaintiff's Lodi Street address on February 6, 2020.  *Id.* at 70.  The reminder notice indicated the

hearing had been rescheduled for 10:45 a.m., and if Plaintiff failed to appear without a good

reason, the ALJ would dismiss his request for a hearing, rendering the Commissioner's prior

denial of benefits the "final decision of the Commissioner on your application." *Id.*  The

---

[2] The Cleveland Ave. address appears on the "Disability Report – Adult – Form SSA-3368," and
the "Disability Report – Appeal – Form SSA-3411," which are both unsigned and undated.  *See*
T. at 81, 88, 97.  The Cleveland Ave. address also appears on the "Disability Determination
Explanation," and the "Notice of Disapproved Claim, which are dated April 2, 2018, and April 4,
2018, respectively.  *Id.* at 13, 21-22.

reminder notice asked Plaintiff to "complete and return" the acknowledgment form sent with the "Notice of Hearing" the Commissioner had sent to his Cleveland Ave. address, or call the Office of Hearings Operations and confirm his attendance.  *Id.*

Plaintiff failed to appear for his scheduled hearing on February 20, 2020.  *Id.* at 6, 11. Rather, he appeared the following day, February 21, 2020, explaining he "mistakenly thought that my hearing was today."  *Id.* at 11.  On February 26, 2020, ALJ Charles Woode dismissed Plaintiff's request for a hearing and concluded the Commissioner's prior decision denying benefits, dated April 4, 2018, remained in effect.  *Id.* at 7.  In dismissing Plaintiff's claim, ALJ Woode explained he had "considered the factors set forth in 20 CFR 404.957(b)(2) and [concluded] there [wa]s no good cause for the claimant's failure to appear at the time and place of hearing."  *Id.*  The Appeals Council denied Plaintiff's request for review.  *Id.* at 1-2.

Plaintiff now seeks this Court's review under 42 U.S.C. § 405(g).  (Dkt. No. 1.)  Plaintiff claims the ALJ's dismissal was improper because: (A) the Commissioner did not follow its own regulations and internal guidance for giving notice of a hearing; (B) improper notice constitutes good cause for missing a hearing under the Commissioner's regulations and internal guidance; and (C) the ALJ erred in failing to evaluate whether improper notice constituted good cause for Plaintiff's absence.  (Dkt. No. 18 at 7-11.[3])  The Commissioner contends the ALJ's decision was consistent with the regulations because Plaintiff received proper notice, he failed to attend the hearing, and his mistake about the date of the hearing is not good cause.  (Dkt. No. 22 at 6-9.)

---

[3] Plaintiff also argues the dismissal of his claim violates due process because he was not given sufficient notice of the hearing.  (Dkt. No. 18 at 12-13.)  Because the undersigned recommends the Court remand so the ALJ can more fully address whether improper notice constitutes good cause for Plaintiff's absence, the undersigned declines to take up Plaintiff's due process argument at this time.  *See, e.g.*, *Fears v. Berryhill*, No. 6:16-CV-00055, 2018 WL 1547365, at *3 (W.D. Va. Mar. 29, 2018).

## II.     JURISDICTION

"As a preliminary matter, the Court considers whether it has subject matter jurisdiction." *Louisiana S. v. Commissioner of Soc. Sec.*, No. 3:20-CV-00130 (BKS) (CFH), 2021 WL 911691, at *2 (N.D.N.Y. Mar. 10, 2021).[4]  "Section 405(g) . . . provides for judicial review of any final decision . . . made after a hearing."  *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019); *see also Louisiana S.*, 2021 WL 911691, at *2.  "This provision, the [Supreme] Court has explained, contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'"  *Smith*, 139 S. Ct. at 1773; *Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35, 35-36 (2d Cir. 2021), *cert. denied sub nom.*, 142 S. Ct. 271 (2021) ("The requirement that a claim be presented to the agency is jurisdictional; the requirement that the claimant exhaust the administrative remedies prescribed by the agency can be waived by the agency or excused by the court").  "While § 405(g) delegates to the SSA the authority to dictate which steps are generally required, exhaustion of those steps may not only be waived by the agency, but also excused by the courts.  *Id.* at 1773-74; *see also Louisiana S.*, 2021 WL 911691, at *2 ("Congress empowered the SSA to create a scheme of administrative exhaustion.  Under this scheme a claimant must generally: (1) seek an initial determination as to his eligibility; (2) seek reconsideration of the initial determination; (3) request a hearing, which is conducted by an ALJ; and (4) seek review of the ALJ's decision by the Appeals Council.").

Here, Plaintiff satisfied the jurisdictional element of Section 405(g) by presenting his claim to the Commissioner.  *See, e.g.*, *Louisiana S.*, 2021 WL 911691, at *2 (concluding the

---

[4] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted.  *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

claimant had "met the jurisdictional requirement of presentment" by "present[ing] her claim to the agency"); *Wilson v. Comm'r of Soc. Sec.*, No. 21-10278, 2021 WL 3878252, at *2 (11th Cir. Aug. 31, 2021) ("The Commissioner readily concedes that Wilson clearly satisfied the nonwaivable presentment requirement, which is jurisdictional, by submitting applications for disability benefits and arguing that he presented good cause for failing to appear at the ALJ hearing.").  Plaintiff also exhausted his administrative remedies by timely appealing the ALJ's decision to the Appeals Council, which issued a final decision on his claim.  *See Nunez*, 848 F. App'x at 35 ("The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court."); *see, e.g.*, *Zaky v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1426 (VAB), 2020 WL 2113614, at *7 (D. Conn. May 4, 2020) (concluding the Court had jurisdiction "even though the Appeals Council's dismissal of Mr. Zaky's claim was determined without Mr. Zaky ever obtaining a hearing from the ALJ on the merits"); *Wilson*, 2021 WL 3878252, at *3 (explaining "[t]here are grounds to believe that Wilson" exhausted administrative remedies because, among other reasons, he had "received a claim-ending determination from the agency's last-in-line decisionmaker, the Appeals Council"); *accord Smith*, 139 S. Ct. at 1777 n.17.   Moreover, the Commissioner waived exhaustion.  (Dkt. No. 22 at 4-5 (acknowledging "it appears that the Court has subject matter jurisdiction" and stating "SSA does not invoke § 405(g) as a potential bar to judicial review").)

Although Plaintiff did not have a hearing before the ALJ, the undersigned concludes this Court has jurisdiction under 42 U.S.C. § 405(g) because he presented his claim to the Commissioner, and he exhausted his administrative remedies by obtaining a final decision from the Appeals Council.  *See, e.g.*, *Zaky*, 2020 WL 2113614, at *7; *Louisiana S.*, 2021 WL 911691, at *3; *Wilson*, 2021 WL 3878252, at *2-3.

6

### III.    SCOPE AND STANDARD OF REVIEW

When the Commissioner dismisses a benefits application on procedural grounds, this Court "should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith*, 139 S. Ct. at 1780; *see also Williams v. Kijakazi*, No. 20-CIV-5954 (VSB) (SLC), 2022 WL 428773, at *5 (S.D.N.Y. Jan. 31, 2022), *report and recommendation adopted sub nom.*, 2022 WL 428327 (S.D.N.Y. Feb. 11, 2022); *Hayward v. Comm'r of Soc. Sec.*, No. 1:18-CV-10402 (SN), 2021 WL 982296, at *3 (S.D.N.Y. Mar. 16, 2021). When reviewing a procedural decision, the appropriate standard of review is "abuse of discretion as to the overall conclusion, and substantial evidence as to any fact." *Smith*, 139 S. Ct. at 1779 n.19; *see also Williams*, 2022 WL 428773, at *5; *Hayward*, 2021 WL 982296, at *3.

Under the procedures set forth in the Commissioner's internal manual, Hearings, Appeals, and Litigation Law Manual ("HALLEX"),[5] an ALJ abuses his discretion when his

---

[5] "The HALLEX is a manual that provides the Social Security Administration with a set of guidelines and procedures and district courts within the Second Circuit have found that HALLEX policies are not regulations and therefore not deserving of controlling weight." *Louisiana S.*, 2021 WL 911691, at *5; *see generally Timothy B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01668 EAW, 2022 WL 303792, at *5 (W.D.N.Y. Feb. 2, 2022) ("While the procedures in HALLEX are not binding precedent, the ALJ's failure to follow the guidelines, as here, is not wholly irrelevant"); *Janet R. v. Comm'r of Soc. Sec.*, No. 1:19-CV-1100 CJS, 2021 WL 1054369, at *6 (W.D.N.Y. Mar. 19, 2021) (explaining "the ALJ's failure to follow the Hallex's direction . . . reinforces the Court's conclusion that she abused her discretion"); *Shari L. v. Saul*, No. 1:19-CV-851 (ATB), 2020 WL 3971510, at *3 n.1 (N.D.N.Y. July 14, 2020) ("Although the Second Circuit has not specifically ruled on [whether the HALLEX is binding], it continues to rely on HALLEX policies to determine whether substantial evidence supports the Commissioner's underlying decision, and whether the Commissioner applied the correct legal standards."); *Stires v. Comm'r of Soc. Sec.*, No. 2:17-CV-811, 2018 WL 3237673, at *7 (S.D. Ohio July 3, 2018), *report and recommendation adopted,* No. 2:17-CV-811, 2018 WL 4203451 (S.D. Ohio Sept. 4, 2018) ("Where, however, a claimant demonstrates that the ALJ's departure from the procedures set forth in HALLEX causes sufficient prejudice, remand may be required.") (collecting cases).

action is "erroneous and without any rational basis, or is clearly not justified under the particular circumstances of the case."  HALLEX I-3-3-2(A).  "This includes situations where an ALJ improperly exercises, or fails to exercise, his or her administrative authority."  *Id.*  "An abuse of discretion may also occur when an ALJ does not follow procedures required by law or agency policy."  *Id.*[6]

"Substantial evidence means more than a mere scintilla."  *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*; *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995).  However, when inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate.  *Klemens v. Berryhill*, 703 F. App'x 35, 38 (2d Cir. 2017); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

## IV.    DISCUSSION

Under 42 U.S.C. § 405(b)(1), the Commissioner must give claimants "reasonable notice and opportunity for a hearing."  42 U.S.C. § 405(b)(1).  The Commissioner's regulations and internal guidance indicate that the Commissioner has interpreted "reasonable notice" to be at

---

[6] The parties did not cite case law addressing how the abuse of discretion standard applies to an ALJ's decision in a Social Security case.  (*See* Dkt. Nos. 18, 22.)  Although individual cases have concluded that an ALJ abused his or her discretion in certain scenarios, there is no clear statement on what constitutes an abuse of discretion for an ALJ in the Social Security context. *See, e.g.*, *Melissa A. v. Saul*, No. 19-CV-00838 (MJR), 2021 WL 1117272, at *4 (W.D.N.Y. Mar. 24, 2021); *Barimah v. Comm'r, Soc. Sec. Admin.*, No. CIVACV01-7160 (DGT), 2004 WL 2216497, at *5 (E.D.N.Y. Sept. 27, 2004); *McKenna v. Chater*, 893 F. Supp. 163, 170 (E.D.N.Y. 1995).  For purposes of this review, the undersigned accordingly looks to the SSA's own standard for evaluating whether the ALJ abused his discretion.  *See, e.g.*, *Dougherty v. Saul*, No. 1:19-CV-00955-LTB, 2019 WL 4565186, at *3 (D. Colo. Sept. 20, 2019) (employing the abuse of discretion standard in HALLEX 1-3-3-2 (A)).

least 75 days for the "Notice of Hearing" and 20 days for the "Amended Notice of Hearing."  *See*

20 C.F.R. §§ 404.938(a), (d); HALLEX II-5-1-6.  Substantial evidence indicates Plaintiff only

received 14 days' notice before the hearing on February 20, 2020.  (*See generally* T. at 50, 70-

71.)  Under the Commissioner's own "guiding principles" and "policy statements," *see*

HALLEX I-1-0-1, improper notice constitutes good cause for failure to appear at a hearing.  *See*

HALLEX I-2-4-25(C)(1)(a); HALLEX II-5-1-6; *see also Miller v. Comm'r of Soc. Sec. Admin.*,

784 F. App'x 837, 838 (2d Cir. 2019).  Because the ALJ did not evaluate whether an improper

notice gave Plaintiff good cause for failure to appear, the undersigned recommends the Court

remand the case for the ALJ to address the issues of notice and good cause in the first instance.

*See, e.g.*, *Roy v. Berryhill*, No. CV 17-1387, 2019 WL 1243062, at *3 (W.D. Pa. Mar. 18, 2019)

(remanding for the ALJ to determine whether the claimant received notice, and if not, whether he

had good cause for failure to appear at the hearing); *Robinette v. Comm'r of Soc. Sec.*, No. 6:16-

CV-1241-ORL-41 (DCI), 2017 WL 10295923, at *10 (M.D. Fla. Nov. 14, 2017), *report and*

*recommendation adopted*, 2018 WL 3583839 (M.D. Fla. July 26, 2018) (remanding where "the

ALJ and the Appeals Council did not have substantial evidence before them to reasonably

conclude . . . that Plaintiff received notice of the October 22, 2014 hearing.").

     First, under the regulations, Plaintiff should have received a complete "Notice of

Hearing" at least 75 days or an "Amended Notice of Hearing" at least 20 days before the hearing.

*See* 20 C.F.R. §§ 404.938(a), (d).  According to the Appeals Council, "a notice of hearing will be

mailed to the claimant's last known address at least 20 days before the hearing."  HALLEX II-5-

1-6; *see also* HALLEX I-2-3-15(A).  The "Notice of Hearing" must be thorough—it "must

contain a statement of the issues to be decided and a statement that the ALJ may dismiss the

request for hearing if both the claimant and the representative fail to appear without good cause."

HALLEX II-5-1-6; *see also* 20 C.F.R. § 404.938(b); SSR 79-19, 1979 WL 15541, *2; HALLEX I-2-3-15(D).  It must also ask the claimant to complete and return an "Acknowledgment of Receipt" informing the Commissioner that the claimant received the notice.  20 C.F.R. § 404.938(c); *see also* HALLEX I-2-3-20(A).  According to the Appeals Council, remand is appropriate "if the ALJ dismissed a request for hearing on the grounds of abandonment when the record shows that the hearing office did not comply with the notice requirements."  HALLEX II-5-1-6; *see also* HALLEX I-2-4-25(C)(1)(a).

Here, substantial evidence indicates Plaintiff only received a "Notice of Hearing – Reminder" 14 days before the hearing on February 20, 2020.  (*See* T. at 50, 70-71.)  That notice lacked the information the Commissioner is required to include in the original "Notice of Hearing."  *See id.* at 50, 70; *see generally* 20 C.F.R. § 404.938(b) (listing the information the Commissioner is required to include in the original hearing notice).  The evidence suggests Plaintiff did not receive the original "Notice of Hearing" because he moved from the Cleveland Ave. residence to the Lodi Street residence.  *See id.* at 50, 71.  Consistent with the Commissioner's internal guidelines, *see* HALLEX I-2-3-20(B); HALLEX II-5-6, claims representative A. Crane appears to have contacted Plaintiff on or around November 21, 2019, to ask why Plaintiff did not acknowledge receipt of the original "Notice of Hearing."  (T. at 71.)  However, once the Commissioner learned Plaintiff had changed his address, the Commissioner failed to send a proper "Notice of Hearing" or "Amended Notice of Hearing" to Plaintiff's new Lodi Street address.  *See generally id.* at 50, 70-71.  Rather, the evidence indicates the Commissioner waited over two months before sending the "Notice of Hearing – Reminder" to Plaintiff's Lodi Street address 14 days before the hearing.  *Id.* at 70.  Under the regulations, the Commissioner's own internal guidance, and the Appeals Council policy statements, 14 days is

insufficient notice, and the information included in the reminder notice was inadequate.  *See* 20 C.F.R. §§ 404.938(a), (b), (d); HALLEX I-2-3-15(A), (D); HALLEX II-5-1-6.  Accordingly, substantial evidence does not support the conclusion that Plaintiff received proper notice of the hearing.  *See generally Roy*, 2019 WL 1243062, at *3; *Robinette*, 2017 WL 10295923, at *10.

Second, according to the Commissioner, "[g]ood cause for failure to appear at the scheduled time and place of hearing generally exists when the claimant did not receive proper notification of the scheduled hearing."  HALLEX I-2-4-25(C)(1)(a); *see also Miller*, 784 F. App'x at 838 ("HALLEX offers three circumstances that generally constitute good cause: (1) the claimant did not receive proper notice of the hearing; (2) there was an unforeseeable event preventing the claimant or representative from requesting a postponement; or (3) a claimant's representative withdrew less than a week prior to the hearing.").  Under the Commissioner's guidelines, "[i]f the record does not show there was proper notification of the scheduled hearing, the ALJ must reschedule the hearing and provide proper notification of the rescheduled hearing."  HALLEX I-2-4-25(C)(1)(a); *see also* HALLEX II-5-1-6 ("The Appeals Council will ordinarily assume jurisdiction on error of law grounds and remand the case if the ALJ dismissed a request for hearing on the grounds of abandonment when the record shows that the hearing office did not comply with the notice requirements.").  Consistent with this internal guidance, several courts have noted that the lack of proper notice constitutes good cause for failure to appear at the scheduled hearing.  *See Curlee v. Comm'r of Soc. Sec.*, No. 1:20-CV-00145 (SAB), 2022 WL 1122613, at *2 (E.D. Cal. Apr. 14, 2022); *Jasper v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-103 (SLO), 2021 WL 3883062, at *4 (S.D. Ohio Aug. 31, 2021); *Mary B. v. Saul*, No. 19-CV-2091 (KMM), 2020 WL 4803810, at *3 (D. Minn. Aug. 18, 2020); *Young v. Astrue*, No. CIV.A. 09-1496 (ARH), 2010 WL 2891501, at *2 (W.D. Pa. July 21, 2010).

The statutory requirement that the Commissioner give claimants "reasonable notice and opportunity for a hearing" supports such a rule.  *See* 42 U.S.C. § 405(b)(1).  Under the regulations, the Commissioner must send claimants a "Notice of Hearing" at least 75 days before the hearing, and an "Amended Notice of Hearing" at least 20 days before the hearing.  20 C.F.R. §§ 404.938(a), (d); *see also* HALLEX I-2-3-15(A); HALLEX II-5-1-6.  Dismissing a request for hearing in circumstances where a claimant did not receive proper notice would contravene the statutory command that claimants receive "reasonable notice" as well as the regulatory requirement that claimants receive at least 75- or 20-days' notice.

However, under 20 C.F.R. § 404.957(b)(1)(i) an ALJ may dismiss a claimant's request for hearing where: (1) neither the claimant nor the claimant's designated representative appears at the time and place set for the hearing, (2) the claimant has been notified that the hearing request could be dismissed without further notice if he fails to appear at the hearing, and (3) "good cause has not been found by the administrative law judge for [the claimant's] failure to appear."  20 C.F.R. § 404.957(b)(1)(i); *see also* HALLEX I-2-4-5(A).  "In determining good cause or good reason" the ALJ "will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which [the claimant] may have."  20 C.F.R. § 404.957(b)(1).  Although this list of "good cause" considerations does not list improper notice as a qualifying reason for good cause, *see id.*, the Commissioner's internal guidance and an Appeals Council Interpretation does, *see* HALLEX I-2-4-25(C)(1)(a); HALLEX II-5-1-6.  In listing improper notice as a qualifying reason for good cause, the Commissioner's internal guidance and the Appeals Council Interpretation adhere to the statutory requirement that claimants receive "reasonable notice and opportunity for a hearing."  42 U.S.C. § 405(b)(1).  This interpretation also harmonizes the regulations that define what reasonable notice is with the

regulations that grant ALJs the authority to dismiss a request for hearing where a claimant lacks good cause. *See* 20 C.F.R. §§ 404.938(a), (d); *id.* at § 404.957(b)(1)(i). Indeed, dismissing hearings without proper notice would contravene the statutory command that claimants receive "reasonable notice and opportunity for a hearing" as well as the regulatory provisions defining reasonable notice as 75- to 20-days' notice. *See* 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 404.938(a), (d). Reading the applicable statutory and regulatory provisions in harmony, the undersigned concludes improper notice constitutes good cause for failure to attend a hearing. *Compare* 42 U.S.C. § 405(b)(1).; 20 C.F.R. §§ 404.938(a), (d), *with* 20 C.F.R. §§ 404.957(b)(1)(i), (b)(2); *see generally Curlee*, 2022 WL 1122613, at *2 (explaining lack of proper notice constitutes good cause); *Jasper*, 2021 WL 3883062, at *4 (same); *Mary B.*, 2020 WL 4803810, at *3 (same); *Young*, 2010 WL 2891501, at *2 (same); *accord* HALLEX I-2-4-25(C)(1)(a); HALLEX II-5-1-6.

Third, the ALJ failed to consider whether improper notice constituted good cause for Plaintiff's absence at the hearing on February 20, 2020. (T. at 6-7.) Although the ALJ evaluated whether Plaintiff had good cause under the factors set forth in 20 C.F.R. § 404.957(b)(2), he did not evaluate whether Plaintiff received "reasonable notice and opportunity for hearing," as required by 42 U.S.C. § 405(b)(1). *See id.* The ALJ also failed to follow the Commissioner's own internal guidance, which requires the ALJ to "determine whether there is evidence in the record that shows the agency properly notified the claimant of the time and place for the hearing" before dismissing the request for hearing. *See* HALLEX I-2-4-25(C)(1)(a); *see generally Stires*, 2018 WL 3237673, at *7 (explaining "remand may be required" where the ALJ's departure from the procedures set forth in HALLEX causes sufficient prejudice) (collecting cases). Finally, the ALJ's decision contravenes the Appeals Council Interpretation of 20 C.F.R. §§ 404.957(b)(1) and (2), which explains "all dismissals under these sections must be in accord with the regulatory

notice requirements." *See* HALLEX II-5-1-6.  According to the Appeals Council, the ALJ has committed legal error, and remand is appropriate, where, as here, "the ALJ dismissed a request for hearing on the grounds of abandonment when the record shows the hearing office did not comply with the notice requirements."  *Id.*; *see generally Shari L.*, 2020 WL 3971510, at *3 n.1 (explaining the Second Circuit "continues to rely on HALLEX policies to determine whether substantial evidence supports the Commissioner's underlying decision, and whether the Commissioner applied the correct legal standards.").

Under the Commissioner's own guidelines as well as the Appeals Council Interpretation, the ALJ abused his discretion because his decision is erroneous, it is not justified under the particular circumstances of this case, and he failed to follow procedures required by the Commissioner's own internal policy.  *See* HALLEX I-3-3-2(A).  The undersigned accordingly recommends that the Court conclude the ALJ abused his discretion in failing to consider whether improper notice gave Plaintiff good cause for failure to appear at the hearing on February 20, 2020.  *See, e.g.*, *Roy*, 2019 WL 1243062, at *3; *Robinette*, 2017 WL 10295923, at *10; *see generally* HALLEX I-2-4-25(C)(1)(a); HALLEX II-5-1-6.

## V.    CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court remand the case so the ALJ can determine in the first instance whether improper notice constituted good cause for Plaintiff's failure to attend the hearing on February 20, 2020.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 18) be **GRANTED**; and it is further

**RECOMMENDED** that Defendant's motion for judgment on the pleadings (Dkt. No. 22) be **DENIED**; and it is further

**RECOMMENDED** that the ALJ's decision denying Plaintiff disability benefits be **VACATED** and the case be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Report-Recommendation; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Report-Recommendation on the parties in accordance with the Local Rules.  Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.

*Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:      June 8, 2022
            Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge